IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:24-cr-00110-JGC-1

    Plaintiff,

    v.  **ORDER**

Husam Al Najjar,

    Defendant.

This is a criminal case in which the government has indicted Defendant Husam Al Najjar under 18 U.S.C. § 922(g)(5)(A). (Doc. 9). That statute prohibits illegal aliens from possessing a firearm.

There is no dispute that Defendant is an alien and that he has been unlawfully present in the United States of America for approximately ten years.[1] (*See* Doc. 14, PgID. 45–46).

At issue before me is the lawfulness of § 922(g)(5)(A) as applied to Defendant. Pending is his Amended Motion to Dismiss, (Doc. 14), which the government opposes, (Doc. 17), and as to which Defendant has filed a reply, (Doc. 20).

Simply put, I agree with the government's contention that the Second Amendment right to keep and bear arms, even simply for self-defense, does not extend to illegal aliens.[2] *E.g.*, *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) ("Whatever else the term

---

[1] Defendant presently is awaiting the outcome of immigration proceedings that potentially could result in Defendant's removal to Jordan, his country of origin.

[2] To avoid further delay in letting the parties know the outcome of this matter, I choose to write a cursory opinion. In the event of an appeal from this decision, I will, upon request of either party, prepare and file a more extensive opinion.

means or includes, the phrase 'the people' in the Second Amendment of the Constitution does not include aliens illegally in the United States . . . .").

The Sixth Circuit has yet to address directly this issue. But, as the government's brief makes clear, the overwhelming majority of courts that have done so agree that illegal aliens, who are not "members of the political community," *see District of Columbia v. Heller*, 554 U.S. 570, 580 (2008), have no right under the Second Amendment to keep and bear arms. *E.g.*, *United States v. Carpio-Leon*, 701 F.3d 974, 978–82 (4th Cir. 2012); *United States v. Flores*, 663 F.3d 1022, 1023 (8th Cir. 2011) (per curiam); *United States v. Serrano-Restrepo*, No. 24-cr-107, 2024 WL 4852233, at *3–8 (S.D. Ohio Nov. 21, 2024); *United States v. Escobar-Temal*, No. 22-cr-00393, 2023 WL 4112762, at *3–6 (M.D. Tenn. June 21, 2023); *United States v. Vazquez-Ramirez*, 711 F. Supp. 3d 1249, 1255–60 (E.D. Wash. 2024); *United States v. Pineda-Guevara*, 685 F. Supp. 3d 380, 383–87 (S.D. Miss. 2023); *United States v. Leveille*, 659 F. Supp. 3d 1279, 1282–85 (D.N.M. 2023); *United States v. DaSilva*, No. 21-cr-267, 2022 WL 17242870, at *1–12 (M.D. Pa. Nov. 23, 2022). The case on which Defendant relies to support his motion, *United States v. Carbajal-Flores*, 720 F. Supp. 3d 595 (N.D. Ill. 2024), is an outlier.

Accordingly, it is hereby ORDERED THAT Defendant's motion to dismiss (Doc. 14) be, and the same hereby is, denied.

The Clerk will forthwith set a status/scheduling conference.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge